Gottfried Brewing Co. v. Szarkowski.

## Gottfried Brewing Co. v. Constantine Szarkowski.

1. INSTRUCTIONS — *Account Stated — Settlements.*—An instruction which states that if from time to time the plaintiff and defendant met and looked over their accounts together, settled all matters between them, struck a balance, and agreed upon that as the amount due from one to the other, in the absence of mistake or fraud, neither party is allowed to go behind the settlement for the purpose of increasing or diminishing the amount agreed upon, when there is evidence upon which to base it, is proper and should be given.

2. VERDICT—*When Illogical.*—Where a party, if entitled to any verdict at all, is entitled to one for a substantial amount, a verdict for one cent indicates either perversity or gross misconception of the evidence on the part of the jury.

Assumpsit, for merchandise sold and delivered. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed January 9, 1899.

SHERMAN & BURTT, attorneys for appellant.

EDWARD MAHER and JAMES V. O'DONNELL, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant sued the appellee in assumpsit for beer sold and delivered, and moneys advanced by appellant for licenses for appellee as a retailer of intoxicating liquors, etc. The jury found for the plaintiff and assessed its damages at one cent.

Appellant requested, and the court refused to give, the following instruction:

" You are instructed that if you believe from the evidence that from time to time the officers or agents of the plaintiff and defendant in this suit met and looked over their accounts together, and settled all matters between them and struck a balance, and agreed upon that as the amount due from one to the other, then in the absence of mistake or fraud, neither party will be allowed to go behind that settlement for the purpose of increasing or diminishing the amount so agreed upon."

The evidence tended to show that the account between the parties, of beer delivered, and the price, was kept in pass-books, in which a balance was struck at the end of each month, showing the amount due from appellee; that the amount of the balance remaining unpaid at any time was carried forward to and included in the next balance; that appellee made payments on the balances so shown, and that the pass-books were in his possession all the time, except when returned to appellant once in each month for the purpose of figuring the amount due, when they were retained by appellant only long enough for that purpose and then returned to appellee. The evidence also shows that appellee knew what was in the pass-books, because he testified that he complained of the price which was set down in one of them.

The instruction states the law; there was evidence to which it was applicable, and it should have been given.

If appellant was entitled to a verdict at all, then, in view of the evidence, it was entitled to one for a substantial

amount.    The verdict for one cent damages indicates either perversity or gross misconception of the evidence on the part of the jury.    It can not be sustained on any hypothesis consistent with the evidence.

Appellant assigns as error the asking appellee leading questions and questions calling for conclusions, in his direct examination as a witness.    We think there was error (although perhaps, not reversible error) in these respects, which should be avoided on another trial.

The judgment will be reversed and the cause remanded.